■ In the Matter of the Claim of TALAKKOTTUR R. DAVID, Appellant. RAPPAPORT, HERTZ, CHERSON & ROSENTHAL, P. C.,

Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [664 NYS2d 490] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 1996, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant had been a practicing attorney in his native India prior to emigrating to this country and finding work as a legal secretary in the employer law firm. When it came to the employer's attention that claimant was handling legal matters for various individuals as an "attorney in fact", leaving instructions to call him at the employer's telephone number, the employer became concerned that claimant was practicing law without a license and giving the false impression that he was employed as an associate attorney in the employer's firm. When the employer admonished claimant to desist from these activities, he resigned. The Unemployment Insurance Board ruled that claimant had left his employment without good cause. We affirm. Substantial evidence supports the determination that claimant resigned because he was not permitted to conduct his own business on the employer's premises. This motivation for leaving employment has been characterized as personal and noncompelling (*see, Matter of Mele [St. Vincent Hosp.—Hartnett]*, 176 AD2d 414). Claimant's contention that he did not resign but was discharged raised an issue of credibility for resolution by the Board (*see, Matter of Cattan [French & Eur. Publs.—Hudacs]*, 187 AD2d 858).

Cardona, P. J., Mikoll, Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.